# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRYAN KEITH WARREN ,** )  |  |
| ) | |
| **Plaintiff,** ) | |
| v.                ) | No.: 20-cv-1268-JBM |
| ) | |
| **BUREAU OF PRISONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW ORDER

Plaintiff, a federal prisoner proceeding *pro se* and currently at the FCI-Terre Haute Federal Prison, filed a complaint while held at the FCI-Pekin. Plaintiff has been granted *in forma pauperis* ("IFP") status as to his complaint. Pursuant to 28 U.S.C. § 1915A, the Court now undertakes a threshold review to determine whether Plaintiff's allegations "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff does not identify his claim as arising either under federal law or *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Rather, he identifies his claim as an *Administrative Remedy Appeal Decision*. Plaintiff's complaint is unduly vague and fails to plead a claim for which he is entitled to relief. Plaintiff asserts that on December 21, 2020, he was transferred, presumably from BOP custody, to the Warrenton County Jail in Warrenton,

1

Missouri, on pending state law charges. For reasons not particularly explained, Plaintiff was released from Jail on bond, but subsequently taken into custody and issued a BOP incident report charging him with escape. Plaintiff was found guilty of the infraction and asks this Court to overturn the conviction. Plaintiff does not disclose whether he was subject to any discipline, whether he lost good conduct credits, or whether he suffered other detriment in being subjected to atypical conditions, so as to implicate Fifth Amendment due process protections. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983); *Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011).

Generally, where an inmate in BOP custody seeks to challenge a disciplinary conviction, this should be done through a 28 U.S.C. § 2241 petition for habeas relief, after exhaustion of administrative remedies. *Jackson*, 707 F.2d at 946. As Plaintiff's intent is not clear, the clerk will be directed to send Plaintiff a § 2241 packet in the event it is his wish to file a habeas action. If Plaintiff does so, the petition should be filed in the district where he is currently held, the Northern District of Indiana. If Plaintiff wishes, at some point, to assert a damages claim for an allegedly wrongful conviction, he can only do so after the conviction has been overturned, expunged or invalidated. *See Clement v. Allen,* 120 F.3d 703, 705 (7th Cir.1997) applying the rule of *Heck v. Humphrey* 512 U.S. 477, 497–99, (1994) to claims by federal prisoners. !

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot dispute his disciplinary conviction in the asserted *Administrative Remedy Appeal Decision* claim before this Court. This case is therefore closed, and all pending matters are vacated. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) The Clerk is directed to send Plaintiff a 28 U.S.C. § 2241 habeas packet.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

|  |  |
|---|---|
|  11/25/2020  <br> ENTERED |  s/Joe Billy McDade  <br> JOE BILLY McDADE <br> UNITED STATES DISTRICT JUDGE |